IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

BETTY A. WOOD, )
)
Plaintiff, )
vs. ) Case Number CIV-04-1203-C
)
JO ANNE BARNHART, Commissioner, )
Social Security Administration, )
)
Defendant. )

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On June 27, 2005, United States Magistrate Judge Bana Roberts issued her Report and Recommendation (R&R) in this action in which Plaintiff seeks review of the denial of her application for supplemental security income payments. Judge Roberts recommended the Commissioner's decision be affirmed. Plaintiff's Objection to the R&R was timely filed on June 28, 2005, and this matter is now at issue.

Plaintiff's objections to the R&R are that it does not adequately consider: 1) Plaintiff's argument that the ALJ erred in determining Plaintiff's Residual Functional Capacity as he failed to include all physical limitations of record, and 2) the ALJ erred in his analysis of Plaintiff's credibility. Because the R&R did consider these two issues at length, Plaintiff's objections are insufficient to preserve any issue for review. Fed. R. Civ. P. 72(b) states in pertinent part: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file **specific**, written objections to the proposed findings

and recommendations." (emphasis added). Here, Plaintiff's objection purportedly raised a "specific objection." However, her objection did not outline any specific shortcomings in the Magistrate Judge's recommendation, nor did Plaintiff identify any factual or legal issues which the Magistrate Judge overlooked or misconstrued. Rather, the "specific objection" raised by Plaintiff merely reiterated the identical issues raised in her opening brief. That Plaintiff complains that the R&R "did not adequately consider the issues" without more explanation or elaboration of the alleged shortcomings does not provide the Court with sufficient guidance of the purported errors. As the Tenth Circuit stated in adopting the "firm waiver" rule:

> only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.

United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996). The Supreme Court has explained the basis for the firm waiver rule:

> The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute. The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that

prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here."

Thomas v. Arn, 474 U.S. 140, 147-48 (1985) (footnote omitted) (quoting United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984)).

Plaintiff's objection fails to preserve any challenge to the recommendation of the Magistrate Judge. Accordingly, the Court ADOPTS the Report and Recommendation issued by the Magistrate Judge on June 27, 2005, in its entirety, and AFFIRMS the decision of the Commissioner. A judgment shall issue accordingly.

IT IS SO ORDERED this 7th day of July, 2005.

ROBIN J. CAUTHRON
United States District Judge